## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEON BAILEY, #14067-029,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-802-NJR |
| ) | |
| **C/O BAUER,** ) | |
| **NATHAN MINARD (Inmate),** ) | |
| **U.S. DEPARTMENT OF JUSTICE/** ) | |
| **FEDERAL BUREAU of PRISONS,** ) | |
| **K. SCHNEIDER,** ) | |
| **and S. WILSON,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Deon Bailey, a federal inmate, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority, in connection with a fellow inmate's attack on him. (Doc. 1). *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also seeks relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); 28 U.S.C. § 2671, *et seq*. Bailey filed this action while he was incarcerated at FCI-Greenville ("Greenville"); he is now confined at USP Hazelton in Bruceton Mills, West Virginia. (Doc. 12).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money

1

damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Bailey makes the following allegations in the Complaint: On April 29, 2019, while he was confined in the SHU (Special Housing Unit) at Greenville, he informed officials that he "could not go to the compound" because of his fear that he could be attacked. (Doc. 1, pp. 14, 21). Rumors had been spread that he owed money to a gang. Officials never verified any threat to Bailey's life and threatened him with an incident report if he refused to go out.

On June 25, 2020, Bailey went out to the compound. At about 5:34 p.m. inmate Defendant Nathan Minard ran up the stairs, entered Bailey's cell (#208), and physically attacked Bailey after Defendant Officer Bauer negligently unlocked a door for Minard which allowed him to access Bailey's cell.[1] (Doc. 1, pp. 8-9, 11, 14). Minard bit Bailey's thumb, injured the tendon in his left pinky finger, squeezed his genitals, slammed his head against the sink, reopening a laceration from a June 21, 2020 injury, and slammed his back on the toilet. (Doc. 1, pp. 14, 16-17). The bite exposed Bailey to infections such as hepatitis, and the close contact exposed him to COVID-19.[2] (Doc. 1, pp. 14, 16, 20).

Defendant Officer S. Wilson wrote an incident report which Bailey asserts

---

[1] Minard's movements were captured on surveillance video. (Doc. 1, pp. 14, 17).
[2] Bailey does not assert that he contracted COVID-19 or another infection at any time after the incident.

2

inaccurately describes the attack as a fight. (Doc. 1, p. 12). Bailey told prison staff that he owed money to Minard for drugs and tried unsuccessfully to have his brother send payment to Minard. Bailey then paid an insufficient amount so Minard assaulted him.

Bailey asserts that the Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP"), and Defendant Wilson were negligent in failing to protect him from the attack. (Doc. 1, pp. 15-16, 18). Bailey had provided documentation to the DOJ and BOP regarding his risk of suffering an attack based on his cooperation in a murder investigation and informed them that his case was available on the law library computer. (Doc. 1, pp. 15-16). Wilson failed to read this documentation. (Doc. 1, p. 18). Wilson's inaccurate incident report on the attack by Minard placed Bailey in further danger because Minard received a copy of the report which made Bailey out to be a snitch, and Minard showed the report to other nearby inmates. Bailey continued to be housed in the same area as Minard and the inmates who viewed the incident report.

The DOJ and BOP were also negligent for denying medical care for his injuries. Defendant PA-C Schneider failed to provide pain medication for Bailey's back, finger, hernia, and genital pain caused by Minard's attack, and failed to schedule him for testing or assessment of his back injury or hernia. (Doc. 1, pp. 15, 17).

Further alleged negligence on the part of the DOJ and BOP included previously housing Bailey in a cell (#130) with an inoperative emergency distress button, which prevented Bailey from summoning help when he suffered the head laceration on June 21, 2020. (Doc. 1, pp. 14, 17). Counselor Mr. Seely was negligent for not permitting Bailey to make a legal call to press charges against Minard. (Doc. 1, p. 18). DHO Officer Mr. Pucket

was negligent for failing to notify Bailey of his rights at the July 22, 2020 hearing on his incident report and for construing the incident as a fight rather than an assault on Bailey. (Doc. 1, pp. 17-18).

Bailey seeks money damages and injunctive relief requiring the BOP to provide medical care and pain medication. (Doc. 1, pp. 19-20).

## PRELIMINARY DISMISSALS

All claims against Defendant Minard are dismissed from the action. Bailey cannot maintain a federal civil rights action or a Federal Tort Claim against a fellow inmate because Minard is not a federal employee (his prison work assignment does not count) or a person who acted under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 28 U.S.C.A. § 2679(b)(1) (FTCA claim may be brought against government employee acting within the scope of his/her employment).

Bailey's purported claims against Counselor Seely and DHO Officer Pucket are also dismissed. First, Bailey did not list these individuals as Defendants in the case caption (Doc. 1, p. 1), thus the Clerk did not include them among the parties. The Court will not treat parties not listed in the caption as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Bailey listed Pucket and Seely several pages later (Doc. 1, p. 4), but the claims he asserts against them do not survive preliminary review under Section 1915A. Seely merely prevented Bailey from making a phone call seeking to press criminal charges against Minard; this does not violate any constitutional right or the

4

FTCA. It is not clear what "rights" Pucket failed to advise Bailey of in the context of the disciplinary hearing, and Bailey's disagreement with Pucket's conclusions regarding the incident does not amount to a constitutional claim or an FTCA matter. Bailey thus fails to state cognizable claims against Seely and Pucket, and these claims will not be considered further.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

> **Count 1:** **Eighth Amendment claim against Bauer and Wilson for failing to protect Plaintiff from Minard's attack.**
>
> **Count 2:** **Federal Tort Claim against the DOJ/BOP for negligently allowing the attack on Plaintiff, for exposing him to COVID-19, and for housing him in Cell #130 with an inoperative emergency distress button.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Schneider for failing to provide Plaintiff with pain treatment or follow-up care for the injuries inflicted by Minard.**
>
> **Count 4:** **Federal Tort Claim against the DOJ/BOP for medical malpractice and/or negligence for failing to provide Plaintiff with pain treatment or follow-up care for the injuries inflicted by Minard.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

**standard**.[3]

## Count 1

"[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To prevail on an Eighth Amendment claim for failure to protect, a plaintiff must show that he complained to prison officials about a specific, impending, and substantial threat to his safety, and that the official(s) failed to take action to mitigate the threat of harm. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996); *see also Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015) ("Complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger."). The prison official's knowledge of the threat and deliberate indifference to the danger are essential elements of the constitutional claim.

In this case, Bailey fails to show any link between the alleged threat he conveyed to prison officials and Minard's attack on him. Bailey's request for protection in April 2019—that was allegedly ignored—was grounded on the likelihood that fellow inmates could find information on his cooperation with prosecutors in his criminal case and would then target him as a snitch. That is indeed a safety concern, but Bailey's own account of Minard's attack on him has no connection to the information regarding

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Bailey's cooperation (and the attack occurred more than a year after officials allegedly refused to protect Bailey). The Complaint states that Minard's attack was prompted by Bailey's failure to pay a drug debt. Nowhere does Bailey state that he asked any Greenville official for protection from Minard before the attack occurred; instead, the Complaint indicates that Bailey disclosed the drug payment issue only during the investigation following the attack. For Eighth Amendment liability to arise, a defendant had to know about a specific risk to the plaintiff and must have failed to act to mitigate that risk. Because Bailey does not allege that he sought protection from Minard related to the drug transaction, his deliberate indifference claim against Bauer fails.

The Eighth Amendment claims against Wilson also will be dismissed. Bailey asserts that Wilson ignored the information regarding his cooperation in the criminal case, but Wilson's lack of action on that matter had no causal relationship to Minard's June 2020 attack on Bailey over the drug debt.

Wilson's allegedly inaccurate incident report regarding Minard's attack, which Minard received and shared with other inmates to paint Bailey as a "snitch," may have placed Bailey in danger of another assault. Bailey does not claim, however, that any assault occurred afterward. Approximately six months after the incident report, Bailey was transferred away from Greenville, which presumably separated him from Minard. (Doc. 12). Because the Complaint does not allege that Bailey suffered any harm (physical or psychological) on account of Wilson's actions or failure to act, Count 1 shall be dismissed against Wilson for failure to state a claim upon which relief may be granted.

**Count 2**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671-2680, provides jurisdiction for suits against the United States arising from torts committed by federal officials. *See* 28 U.S.C.A. § 2679(b)(1) (FTCA claim may be brought against the United States "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). Before bringing such a claim in court, a plaintiff is required to first present the claim to the federal agency responsible for the injury. 28 U.S.C. § 2675(a). Bailey appears to have done so (Doc. 1, p. 9), but it is not clear whether he received final administrative adjudication of the claim before bringing this suit.

The United States of America is the only proper defendant in an action under the FTCA. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Bailey did not name the United States, per se, as a defendant, but named the DOJ/BOP. The Court will substitute the United States as a defendant for any viable FTCA claims. *See* FED. R. CIV. P. 21.

Even though Bailey's Eighth Amendment claim in Count 1 does not survive threshold review under Section 1915A, his negligence claim under the FTCA relating to this attack is not subject to dismissal at this time. Bailey alleges that Bauer negligently allowed Minard to access his cell block on Minard's pretense that he was going to retrieve an MP3 player, when prison rules prohibited allowing more than 20-30 inmates out of their cells at the same time. (Doc. 1, pp. 14, 16-17). Bailey states this rule was prompted by the COVID-19 pandemic and suggests Bauer should have known Minard was lying

8

about the MP3 player. Further factual development will be necessary to determine whether Bailey was harmed due to negligent acts or omissions, so this portion of Count 2 may proceed.

Bailey further claims Bauer negligently exposed him to the risk of infection with COVID-19 by allowing Minard to access his cell, and that the attack may have exposed him to hepatitis or other infectious diseases Minard may have carried. This portion of the FTCA claim may also proceed at this time. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (nominal and punitive damages are available due to "hazard, or probabilistic harm" even in absence of physical or psychological harm).

Finally, Bailey claims negligence related to the separate issue of his placement in Cell #130 at the Greenville SHU, where the emergency distress button was inoperative. Bailey gives no details on how he came to sustain the head laceration in that cell on June 21, 2020, but he suggests that he was harmed by his inability to summon help for the injury because the cell lacked a working emergency call button, and Greenville officials should not have housed him there. (Doc. 1, pp. 14, 17). Giving liberal construction to the Complaint, this portion of Bailey's FTCA claim may also proceed.

Count 2 will proceed against the United States only and is dismissed as to Wilson and Bauer.

### Count 3

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a

9

claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain," *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012), and chronic and substantial pain can itself amount to an objectively serious condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). Notably, a defendant's inadvertent error, negligence, misdiagnosis, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). Further, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Bailey's description of the injuries inflicted on him by Minard, particularly his back, head, hernia, and hand pain and the tendon injury to his finger, indicate at this stage that he had one or more objectively serious medical conditions. He alleges that Schneider failed to provide him with any pain medication and did not refer him for follow-up care for the tendon injury or his hernia. (Doc. 1, pp. 27-29). Those failures could amount to deliberate indifference, thus Count 3 may proceed against Schneider.

**Count 4**

As noted under Count 3, medical negligence or malpractice does not violate the Eighth Amendment. Nonetheless, such claims are cognizable under the FTCA. Bailey may therefore proceed in Count 4 against the United States on his claim for inadequate medical care for his injuries resulting from Minard's attack.

Bailey also seeks to pursue claims that he was never given a COVID-19 test and that he was not provided an asthma pump. (Doc. 1, p. 20). Unfortunately, however, he does not present sufficient facts to indicate that those alleged omissions amounted to negligence, so those aspects of his claim are dismissed without prejudice at this time.

### MOTION FOR COUNSEL

Bailey's motion for recruitment of counsel (Doc. 9) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). First, Bailey's motion fails to demonstrate that he has made a reasonable attempt to obtain counsel, as he only contacted the federal defender, whose responsibilities do not include providing representation in civil cases. (Doc. 9, p. 1). Second, at this early stage, it appears that Bailey is competent to litigate the case himself. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Bailey's education includes some college. He notes limitations on law library access because of COVID-19 restrictions. Nonetheless, his Complaint competently sets forth the relevant facts and his legal claims.

11

Although the motion is denied at this juncture, Bailey may renew his request for counsel if necessary, as the case progresses. If he does so, he should attach copies of correspondence from at least 3 lawyers or law firms whom he has contacted in an effort to secure legal representation (or at a minimum the names and addresses of attorneys he has contacted), in order to demonstrate a reasonable attempt to seek counsel.

## DISPOSITION

The Clerk is **DIRECTED** to add the **UNITED STATES of AMERICA** as a Defendant for the FTCA claims (Counts 2 and 4) and terminate the United States Department of Justice/Federal Bureau of Prisons as a party to this action.

**IT IS HEREBY ORDERED** that **COUNT 1** is dismissed without prejudice. Defendants **BAUER and WILSON** are **DISMISSED** from this action without prejudice. Defendant **MINARD** is **DISMISSED** from this action **with prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 2, 3,** and **4** survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, summonses and forms USM-285 for service of process on Defendants **UNITED STATES** and **SCHNEIDER**; the Clerk shall issue the completed summonses. The United States Marshal **SHALL** serve Defendants **UNITED STATES** and **SCHNEIDER** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall

(1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summonses, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Bailey is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Bailey is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:** April 30, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**