UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON BAILEY, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>K. SCHNEIDER and UNITED )<br>STATES OF AMERICA, )<br>)<br>    Defendants. ) | Case No. 3:20-cv-00802-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Deon Bailey, an inmate currently in the custody of the Federal Bureau of Prisons ("FBP") at Hazelton United States Penitentiary ("Hazelton") brought suit against the defendants pursuant to 42 U.S.C. § 1983 on August 19, 2020. (Doc. 1). On August 12, 2021, Plaintiff filed a motion for recruitment of counsel, explaining that he lacked access to the law library due to Hazelton's COVID-19 lockdown procedures. (Doc. 31). The Court held a hearing on this motion on November 2, 2021. (Doc. 36). During the hearing, Plaintiff further explained that he has difficulty focusing due to symptoms of schizophrenia and bipolar disorder. However, the Court first found that Plaintiff's lack of access to the law library did not support appointing counsel on his behalf, and second found that Plaintiff's medical records did not support his mental health claims. (Doc. 38, p. 3). The Court therefore denied Plaintiff's motion for recruitment of counsel. *Id.*

On December 10, 2021, Plaintiff requested reconsideration of the Court's order denying his motion for recruitment of counsel. In that motion, Plaintiff states that he has

been continuously misdiagnosed and that his brain trauma prevents him from litigating on his own behalf. (Doc. 39). For the reasons delineated below, the motion for reconsideration is **DENIED**.

Courts consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. West.*, 791 F.3d 801, 807 (7th Cir. 2015)); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-512 (7th Cir. 2007). Movants must file a Rule 59(e) motion within twenty-eight days of the order.[1]

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). *See also North. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 168 (7th Cir. 1988)(describing a Rule 60(b) ruling as "discretion piled upon discretion"). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is

---

[1] As Plaintiff filed his motion on December 10, 2021, his motion is timely. (Doc. 39).

void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Plaintiff states that the Court inaccurately analyzed his mental health. (Doc. 39). Indeed, Plaintiff contends that he has been misdiagnosed and that he is suffering from brain trauma. *Id.* Plaintiff also states that he does not understand how to proceed at this stage of the litigation, warranting recruitment of counsel on his behalf. *Id.* As Plaintiff challenges the Court's *Pruitt* analysis and reiterates that his mental health and lack of legal understanding prevent him from litigating on his own behalf, the Court finds that Plaintiff's underlying reason for requesting reconsideration is most similar to the manifest error of law outlined in Rule 59(e).

Civil litigants do not have a constitutional or statutory right to counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to recruit counsel to represent indigents in appropriate cases. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id*. at 761 (quoting *Pruitt*, 503 F.3d at 654).

Although Plaintiff claims that he has been misdiagnosed, he does not provide any supporting documentation or testimony to that effect. In contrast, Plaintiff's medical records present a consistent history of mental health improvement. Though Plaintiff was initially treated for bipolar disorder when he first began his incarceration, his diagnosis later changed to Persistent Depressive Disorder, in Remission. (Doc. 37). Plaintiff is not currently on medication for this disorder, and his records note that he is not facing any functional deficit as a result of his depression. *Id*. Furthermore, when Plaintiff underwent an intake examination in 2020, evaluating physicians noted that he displayed linear and goal-oriented thinking and that his judgment and insights were "fair." *Id*. These mental health records from differing sources all indicate that Plaintiff's mental health has improved and is no longer a barrier to his ability to litigate on his own behalf.

Plaintiff's mental health records are also consistent with the Court's impression of Plaintiff's ability to respond to questioning and to advocate on his own behalf during the hearing on his motion for recruitment of counsel. (Doc. 38, p. 3). When asked questions regarding his access to the law library, Plaintiff responded with coherent and logical answers. Plaintiff also outlined his mental health symptoms in a consistent and logical manner, demonstrating the ability to think clearly and with an organized structure. Though almost "everyone would benefit from having a lawyer," there are "too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (internal quotations and marks omitted). Accordingly, in the early stages of litigation, a plaintiff's lack of understanding of the law is an insufficient reason to appoint counsel on his or her behalf. *See Olrich v.*

*Illichmann*, Case No. 18-cv-1518-pp, 2020 WL 1169971, at *5-6 (E.D. Wisc. Mar. 11, 2020). This case is still in the early stages of litigation: the issue of whether Plaintiff has exhausted his administrative remedies has yet to be resolved, and the stay on merits discovery has yet to be lifted. (Doc. 25). Given Plaintiff's education, intelligence, and ability to litigate thus far, the Court finds that Plaintiff is competent to litigate on his own behalf at this stage of the proceedings, despite his lack of expertise in the law. Accordingly, the Court finds that it has not made a manifest error of law in denying Plaintiff counsel, and Plaintiff's motion for reconsideration, (Doc. 39), is **DENIED.**

**IT IS SO ORDERED.**

**DATED: December 16, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.12.16 11:15:34 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**